Glen M. FENZA, Plaintiff,

v.

CONKLIN, Correctional Officer, McGuigan, Correctional Officer; Dominic Mantello, Superintendent; and Klein, Lieutenant (Hearing Officer), Defendants.

No. 96–CV–1638(RSP/DRH).

United States District Court, N.D. New York.

Feb. 12, 1998.

---

2. The Clerk is directed to mail plaintiffs copy of the Report–Recommendation and Order to the last known address of plaintiff.

Glen M. Fenza, Stormville, NY, Pro Se.

Dennis C. Vacco, Attorney General for the State of New York, Albany, NY (Gregory J. Rodriguez, Assistant Attorney General, of counsel), for Defendants.

## ORDER

POOLER, District Judge.

Plaintiff Glen Fenza, an inmate in the custody of the New York State Department of Correctional Services, filed a civil rights complaint in this court on October 9, 1996. The Department of Correctional Services subsequently released Fenza, and he left no forwarding address. Fenza has not notified the court of his new address. On December 18, 1997, Magistrate Judge David R. Homer recommended that I dismiss Fenza's complaint pursuant to Local Rule 41.2(b). Because Fenza failed to notify the court of his new address, this action cannot proceed and dismissal is justifiable. *Dansby v. Albany County Correctional Facility,* 1996 WL 172699 at *1 (N.D.N.Y. Apr. 10, 1996). Therefore, it is

ORDERED that the report-recommendation is approved; and it is further

ORDERED that the complaint is dismissed; and it is further

ORDERED that the Clerk serve a copy of this order on the parties by regular mail.

## REPORT–RECOMMENDATION AND ORDER[1]

HOMER, United States Magistrate Judge.

### I. Background

Plaintiff pro se filed this action pursuant to 42 U.S.C. § 1983 while incarcerated within the New York State Department of Correctional Services. The complaint was filed on October 9, 1996. The Court has received no communication from plaintiff since May 1, 1997, when he filed an Inmate Authorization Form. Docket No. 6. A copy of a letter in which defense counsel was granted additional time to answer was mailed to plaintiff at his last known address, but was returned marked "Return to Sender". Docket No. 13.

Defendants have now filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b). Docket No. 14. On December 17, 1997, defense counsel advised that copies of the motion papers mailed to plaintiff had been returned and that plaintiff had been released from Greenhaven Correctional Facility, without leaving a forwarding address. The Court has received no recent notice of any change of address from plaintiff.

### II. Discussion

Litigants have an ongoing obligation to keep the Court informed of any change in address that may occur during the pendency of an action. N.D.N.Y.L.R. 10.1(b). Plaintiff has been notified that failure to make such notification could result in dismissal of his action. Docket No. 5 at p. 6. Plaintiff is clearly aware of this requirement, having twice before notified the Court of address changes. Docket Nos. 3 & 4. This notification is essential to the orderly disposition of cases. As has been previously noted in this district, "[i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions". *Dansby v. Albany County Correctional Facility,* No. 95–CV–1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted). Failure to notify the Court of a change in address is grounds for dismissal of the action. N.D.N.Y.L.R. 41.2(b); *Dansby,* 1996 WL 172699, at *1.

In the absence of service of defendants' motion upon plaintiff, that motion will not be considered. However, it is plaintiff's failure to comply with the local rules that has prevented defendants from effecting service of that motion. Accordingly, it is recommended that this action be dismissed for plaintiff's failure to advise the Court of his change of address.

### III. Conclusion

**WHEREFORE,** for the reasons stated above it is

---

**1.** This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

RECOMMENDED that this action be DISMISSED pursuant to Local Rule 41.2(b); and it is

ORDERED that the Clerk of the Court serve a copy of the Report–Recommendation and Order, by regular mail, upon parties to this action.[2]

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir.1993); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir.1989); 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 72, 6(a), 6(e).

Dated: December 18, 1997.

---

**2.** The Clerk is directed to mail plaintiff's copy of the Report–Recommendation and Order to the last known address of plaintiff.